```
                    UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                              )
                                    ) Chapter 7
ROGER P. GEHL,                      )
                                    ) Bankruptcy No. 04-00102
     Debtor.                        )
------------------------------      )
LAND O'LAKES FARMLAND               )
FEED LLC,                           )
                                    ) Adversary No. 04-9063
     Plaintiff,                     )
                                    )
vs.                                 )
                                    )
ROGER P. GEHL,                      )
                                    )
     Defendant.                     )
```

### ORDER RE: MOTION FOR EXTENSION OF TIME
### TO FILE AN APPEAL

This matter came before the undersigned on May 6, 2005 on Motion for Extension of Time to File an Appeal. Attorney Jonathan C. Miesen appeared for Plaintiff Land O'Lakes Farmland Feed LLC ("LOLFF"). Attorney Francis Henkels appeared for Debtor/Defendant Roger Gehl. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

### STATEMENT OF THE CASE

Plaintiff Land O'Lakes Farmland Feed ("LOLFF") requests additional time to file a Notice of Appeal. It asserts its failure to meet the appeal deadline is excusable neglect. Debtor resists.

### FINDINGS OF FACT

This Court filed an "Order re: Complaint to Determine Dischargeability of Debt and Object to Debtor's Discharge" on April 11, 2005, ruling in Debtor's favor. On April 27, 2005, LOLFF filed "Plaintiff's Verified Motion for Extension of Time to File an Appeal." The Bankruptcy Clerk's office mailed

1

copies of the Order through the Bankruptcy Noticing Center (the "BNC") on April 13, 2005. The BNC's Certificate of Service states entities served by first class mail on April 13, 2005 include both of LOLFF's attorneys of record, Jonathan C. Miesen and Nancy S. Flury. Through an oversight, the copies served on Plaintiff's attorneys did not include the date the Order was entered.

Attorney Miesen's office received the order April 18, 2005. Mr. Miesen, however, was out of town and did not review the Order until April 21, 2005. At the hearing, he stated that Ms. Flury did not receive a copy of the Order. Attorney Meisen argues that he did not have a fair or adequate opportunity to file an appeal or to discuss the possibility of appealing the Order with his client.

Debtor resists the motion for extension. He asserts he would be prejudiced if the Court granted LOLFF additional time to appeal. He seeks finality of the Order which was in his favor. Debtor argues counsel for LOLFF had sufficient notice to file a timely notice of appeal.

## CONCLUSIONS OF LAW

Pursuant to Rule 8002(a), a notice of appeal "shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). The 10 day period is calculated starting on the day after the Order was entered, and includes weekends or holidays. See Fed. R. Bankr. P. 9006(a) (stating that weekends and holidays are excluded from the computation if the period of time is less than 8 days).

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.

Fed. R. Bankr. P. 8002(c)(2). Also relevant is Rule 9022(a) which states:

> Immediately on the entry of a judgment or order the clerk shall serve a notice of entry . . . on the

2

>contesting parties. . . .  Lack of notice of the
>entry does not affect the time to appeal or relieve
>or authorize the court to relieve a party for
>failure to appeal within the time allowed, except as
>permitted in Rule 8002.

In general, a party's failure to file a timely notice of appeal from a bankruptcy court's order deprives the district court or bankruptcy appellate panel of jurisdiction to review the order.  <u>Veltman v. Whetzal</u>, 93 F.3d 517, 520 (8th Cir. 1996).  The time limit for filing a notice of appeal is mandatory and jurisdictional.  <u>In re Danzig</u>, 233 B.R. 85, 91 (B.A.P. 8th Cir. 1999), <u>aff'd</u> 217 F.3d 620 (8th Cir. 2000).  A request for extension filed within 20 days of the deadline to file a notice of appeal may be granted upon a showing of excusable neglect.  <u>Id.</u>

Excusable neglect is not defined in the Bankruptcy Rules. <u>Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993).  In determining whether a party's neglect of a deadline is excusable, the Supreme Court has held that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  <u>Gibbons v. U.S.</u>, 317 F.3d 852, 854-55 (8th Cir. 2003) (citing <u>Pioneer</u>, 507 U.S. at 395).  An analysis of the relevant surrounding circumstances includes a consideration of the following factors: (1) the danger of prejudice to the debtor; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  <u>In re Van Houweling</u>, 258 B.R. 173, 176 (B.A.P. 8th Cir. 2001) (citing <u>Pioneer</u>, 507 U.S. at 395).  "It is the movant's burden to demonstrate to the trial court that excusable neglect exists." <u>In re Food Barn Stores, Inc.</u>, 214 B.R. 197, 200 (B.A.P. 8th Cir. 1997).

These four factors do not carry equal weight; the excuse given for the late filing must be given the greatest import. <u>Gibbons</u>, 317 F.3d at 854; <u>Lowry v. McDonnel Douglas Corp.</u>, 211 F.3d 457, 460 (8th Cir. 2000).  "While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry."  <u>Lowry</u>, 211 F.3d at 463.  To be excusable, the neglect "need not be caused by circumstances beyond the

control of the movant." Id. Instead, the central focus "must be upon the nature of the neglect." Id.

As the following cases illustrate, the burden of establishing excusable neglect is quite onerous. Inadvertence, ignorance of the rules or mistakes in construing the rules do not usually rise to the level of excusable neglect. In re Beiwel, No. 00-00112-W, slip op. at 3 (Bankr. N.D. Iowa June 12, 2001). Moreover, a party has an independent obligation to monitor the developments of a case to determine the deadline for appeal. Food Barn Stores, 214 B.R. at 200; In re Henry Bros. P'ship, 214 B.R. 192, 196 (B.A.P. 8th Cir. 1997).

In Gibbons, the court upheld a ruling finding an absence of excusable neglect where an attorney failed to make a timely appeal due to her extended vacation and subsequent illness. 317 F.3d at 854. The court noted that, to rise to the level of excusable neglect, an illness must be of "such character and magnitude that counsel was both physically and mentally incapacitated during the crucial period of time." Id. at 855. "The fact that counsel became ill does not excuse the period of time when she was not ill." Id. Additionally, the failure to establish a system to apprise her of case-related matters during her absence indicated a "serious lack of diligence and inattention to the everyday detail of the practice of law." Id.

In Lowry, the court held that, when a party has actual notice of the entry of a judgment, the fact that the court failed to provide written notice of the entry cannot give rise to an argument for excusable neglect. 211 F.3d at 464. Counsel bears the responsibility to check the docket for entry of judgment. Id. "It is well settled that a party has an independent duty to monitor developments in a case." Henry Bros., 214 B.R. at 196. As prescribed by Rule 9022, "parties are not permitted to rely on the clerk's office to do their homework for them." Id. (internal citations omitted). "The duty to monitor may require a party to contact the clerk or personally review the docket to determine whether an order has been entered." Id.

In Pioneer, 507 U.S. at 380, the court noted that "employee turnover, attorney's busy practice, upheaval in law practice, and confusion from moving law offices are not excusable neglect." Additionally, "courts have long held that

4

. . . that ignorance or misreading of the law, particularly in the application of Rule 8002(c), does not constitute excusable neglect." Food Barn, 214 B.R. at 200 (noting that "unfamiliarity with bankruptcy and reliance upon the Federal Rules of Civil Procedure is not excusable neglect") (internal citations omitted).

**ANALYSIS**

As the Order was entered April 11, 2005, the 10-day period for filing a Notice of Appeal ended April 21, 2005. This is the date on which counsel for LOLFF first was aware of the Order it wishes to appeal from.

Reviewing the factors set out in Pioneer, the Court concludes that Debtor will be prejudiced if the Court allows LOLFF to file a late Notice of Appeal. Debtor is entitled to rely on the finality of the Order. Appellate proceedings in this matter will cause additional time and expense. LOLFF delayed 6 days after counsel's review of the Order, and 9 days after the law firm's receipt of the Order, before filing its Motion for extension of time. Although this delay is not lengthy, neither is it instantaneous upon receipt of the Order. There is no intimation in the record that LOLFF failed to act in good faith.

Focusing on LOLFF's excuse for failing to meet the appeal deadline, LOLFF attributes the delay to 1) the five days between the mailing of the Order and the law firm's receipt of it, 2) the lack of a date on the copy of the order counsel received, and 3) counsel was out of the office for three days. Counsel is responsible for monitoring the case under Rule 9022(a). He should have had a system to apprise him of the entry of the ruling while he was out of the office. Had he been registered for electronic filing, he would have received electronic notice of the Order on the day it was entered.

The 10-day time period for appeals in bankruptcy matters is fairly abbreviated. When service of an order is by mail rather than electronically, the amount of time a party has to file a notice of appeal or motion for extension of time is even shorter. Certainly, counsel for LOLFF was or should have been aware of this accelerated time frame when the case was submitted for the Court's ruling. He, like all other parties in bankruptcy cases, is responsible to act promptly to perfect an appeal. Based on the record presented, the Court must

5

conclude that LOLFF has failed to demonstrate that excusable neglect exists.

**WHEREFORE**, Plaintiff's Verified Motion for Extension of Time to File an Appeal is DENIED.

**FURTHER**, Plaintiff has failed to establish that its delay in filing a Notice of Appeal resulted from excusable neglect.

DATED AND ENTERED:  May 20, 2005

*[signature]*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE